IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Southern Gaines, LLC, | ) C/A No. 3:12-227-CMC-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| ETL International LLC, | ) |
| Defendant. | ) |

This is a removal of a civil action originally filed in state court. A *pro se* litigant filed the notice of removal. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), the assigned magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the United States District Judge.

**BACKGROUND**

A mortgage foreclosure action was filed in the Court of Common Pleas for Kershaw County, South Carolina at some undisclosed time prior to September 23, 2011. The state court case number is 2011-CP-28-545. The sole parties listed in that foreclosure action are two limited liability corporations ("LLC"): Southern Gaines, LLC, the creditor, and ETL International, LLC, the debtor. The notice of removal was filed in this court by a *pro se* individual named Reginald Reid, who is a federal prisoner currently incarcerated at FCI-Williamsburg in Salters, South Carolina. Mr. Reid's filings do not state what connection, if any, he has to the state court defendant corporation that he purports to represent in a legal capacity in this case, but he writes as if he and the corporation are one and same.

Although he does not attach a copy of the state court complaint and the summons with which the defendant corporation was apparently served, Mr. Reid asserts that "this Court do hereby have jurisdiction over said case there a 14th Amendment violation <5th Amendment to U.S. Constitution> sec: 28:1441(A)(b)." (ECF No. 1 at 1). He attaches a copy of an "answer and counterclaim" on behalf of ETL International LLC that is signed by Reginald Reid—without indication of his authority to represent the corporation—that shows a filing date in state court of August 4, 2011. That answer/counterclaim contains no references to any federal statute, constitutional, or treaty violation. Instead, the defenses that appear to have been raised in state court were state-law-based defenses such as "fraud, deceit, trickery or unfair method also intentional infliction of emotional distress . . . actual and constructive fraud case." (ECF No. 1-1 at 2.) It also does not reference the citizenship of either party and it shows that, at most, the dollar amount in controversy in the state court case would be between $7000 and $8807.

The only other attachment to the Notice is a copy of one page of an order entered in the state court action by the presiding judge, apparently following a hearing that was held on September 23, 2011. The one page does not contain any kind of finding of fact or law, but, rather, contains a brief description of the type of action involving "a Summons and verified Complaint with verified statement of account, *Lis Pendens*, and a Notice of Motion and Motion for an Order of Reference seeking to determine a default, a balance owed, the equity in real property, if any, and foreclose any equity that the Defendant may have in a parcel of real estate lying in Kershaw County, South Carolina." (Id. at 3.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Notice of Removal pursuant to the procedural provisions of 28 U.S.C.

§ 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to construe *pro se* pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* pleading, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

This case should be remanded to the Court of Common Pleas for Kershaw County because the Notice of Removal submitted and signed by the *pro se* litigant Mr. Reid does not and cannot show that there is any form of federal jurisdiction over the parties' dispute. Initially, the Notice of Removal is improper because it was not filed by a licensed attorney who is an active member of this court's Bar.  It is well settled that *pro se* persons, regardless of the nature of their connection to a corporation as an officer or shareholder, cannot legally represent corporations in this court.   Corporations may only appear in this federal court and litigate through a licensed attorney who is formally admitted to practice and in good standing with this court.  See Days Inn Worldwide, Inc. v. JBS, Inc., C/A No. 4:08-cv-1771-TLW-TER, 2010 WL 625391 (D.S.C. Feb. 19, 2010); see also First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1290 (Fed. Cir. 1999) (*pro se* actions by non-attorneys on behalf of corporations "fail for lack of standing"); Pridgen v. Andresen, 113 F. 3d 391, 392-93 (2d Cir. 1997) (*pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child"); Estate of Kerner v. United States, 895 F.2d 1159, 1162 n.3 (7th Cir. 1990).

Additionally, even if the Notice were filed by an attorney, it still fails to support removal of the state court action to this court because it does not provide this court with any facts that would support this court's exercise of subject matter jurisdiction over the parties' mortgage foreclosure dispute.  A defendant in a state court action may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court.  28 U.S.C. § 1441.  Generally, a case can be originally filed in a

federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 436 (W.D. Va. 1990). The applicable removal statutes also direct that the notice of removal must contain a "short and plain statement of the grounds for removal . . ." and must also provide the court with "a copy of all process, pleadings, and orders served upon [the removing defendant]" in the state court action. 28 U.S.C. § 1446 (a). Also, the notice must be filed within "thirty days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading . . . or within thirty days after the service of summons . . . if such initial pleading has then been filed in court and is not required to be served on this defendant, whichever period is shorter." 28 U.S.C. § 1446 (b).

Even if filed by a proper filer, the Notice submitted in this case is deficient under the applicable statute for several reasons, and these deficiencies require remand of this case to state court. First, there is no state court complaint or summons attached to the Notice. As a result, this court cannot determine what type of claims (other than the basic mortgage foreclosure mentioned in the state court order that is attached to the Notice) were raised in state court or when the complaint was served on defendant. Second, while the Notice contains language asserting that there is a "14th Amendment violation," there is no explanatory language or background facts provided in it or in the "Answer" filed in state court on behalf of the Removing Defendant relating to this assertion. Thus, it fails the statutory requirement of a "short and plain statement of the grounds for removal . . ." Third and finally, the attachments to the Notice do not provide sufficient supplemental

information to cure the deficiencies in the Notice. Neither the Answer nor the state court order contain any references to any federal statutes, constitutional provisions, or treaty provisions. Moreover, even if there were such references in the Answer's affirmative defenses, that would not be sufficient to provide this court with subject matter jurisdiction (federal question or diversity) needed to support a removal. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (affirmative preclusion defense resting on prior federal judgment is not a basis for removal).[1] Because a defense is not part of a state court plaintiff's properly pleaded statement of his or her claim, see Metropolitan Life Ins. Co. v. Taylor, 481 U. S. 58, 63 (1987), "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal., 463 U. S. 1, 14 (1983).

In conclusion, the Notice so broadly fails to satisfy the statutory requirements that it does not give the court sufficient, reliable information to determine whether, under any

---

[1] There are no references in the Notice or any attachment thereto to the citizenship of either party or the amount of damages/relief requested by either party. Thus, there is no basis on which this court could find that its diversity jurisdiction could be exercised over the parties' dispute. See 28 U.S.C. § 1332. The statute requires complete diversity and $75,000 in controversy. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978). Even if the plaintiff and defendant are citizens of different states, there does not appear to be a sufficient amount of money in controversy in the state court action to satisfy the jurisdictional amount. The Counterclaim seeks only approximately $8,000.00, and indicates that the subject real estate is worth $7,000.00. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) ("the sum claimed by the plaintiff controls" the determination of the amount in controversy, and if a plaintiff seeks a sum that satisfies the statutory minimum, "a federal court may dismiss only if it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.").

circumstances, the removal is proper even under a liberal construction of the *pro* se pleading. Since various federal courts have held that the removal statutes are to be construed *against* removal jurisdiction, and in favor of remand, see, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 436 (W.D. Va. 1990), and since the Notice of Removal fails to support a finding of the court's subject-matter jurisdiction, this case should be remanded to state court.

**RECOMMENDATION**

Accordingly, for the foregoing reasons, it is recommended that this matter be remanded to the Court of Common Pleas for Kershaw County without prejudice to Defendant's rights to file responses to any of Plaintiff's filings in the state court.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 27, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).